ORAL ARGUMENT SCHEDULED FOR SEPTEMBER 12, 2012

Nos. 12-1128, 12-5072 (CONSOLIDATED)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————

HOLIDAY CVS, L.L.C, dba CVS/PHARMACY
NO. 5195, dba CVS/PHARMACY NO. 219,

*Petitioner-Appellant*,

v.

ERIC H. HOLDER, JR., in his official capacity
as Attorney General of the United States, *et al.*,

*Respondents-Appellees*.

———————

## PETITIONER-APPELLANT'S SUPPLEMENTAL BRIEF

———————

Jeffrey S. Bucholtz
Paul A. Mezzina
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC  20006
(202) 737-0500

Catherine M. O'Neil
Coleen P. Schoch
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA  30309
(404) 572-4600

September 7, 2012

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................................................ii

GLOSSARY ........................................................................................................................iv

INTRODUCTION AND SUMMARY OF ARGUMENT ................................................................ 1

ARGUMENT ....................................................................................................................... 3

      A.  The Jurisdictional Question Turns On Whether The ISOs Are "Final." ............................................................................................................... 3

      B.  Courts That Have Addressed This Question Have Stated That ISOs Are Non-Final And May Be Challenged In District Court. ........................... 4

      C.  An ISO May Be Deemed A Final Determination Of "Imminent Danger" And So Is Reviewable Exclusively Pursuant To § 877.................... 6

      D.  The Court Need Not Decide The Jurisdictional Question In This Case. ................................................................................................................ 10

CONCLUSION ................................................................................................................... 11

## **TABLE OF AUTHORITIES**

**CASES**

*Bates Drug Stores, Inc. v. Holder*,
  No. 11-167, 2011 WL 1750066 (E.D. Wash. May 6, 2011) ........................ 6

*Bennett v. Spear*,
  520 U.S. 154 (1997) ................................................................................... 7

*Busse Broad. Corp. v. FCC*,
  87 F.3d 1456 (D.C. Cir. 1996) ......................................................... 2, 10, 11

*Campaign for Family Farms v. Glickman*,
  200 F.3d 1180 (8th Cir. 2000) .................................................................. 11

*City of Las Vegas v. Lujan*,
  891 F.2d 927 (D.C. Cir. 1989) .................................................................. 11

*Easy Returns Worldwide, Inc. v. United States*,
  266 F. Supp. 2d 1014 (E.D. Mo. 2003) ...................................................... 6

\* *Environmental Defense Fund, Inc. v. Ruckelshaus*,
  439 F.2d 584 (D.C. Cir. 1971) ................................................................ 2, 9

\* *John Doe, Inc. v. DEA*,
  484 F.3d 561 (D.C. Cir. 2007) ...................................................... 1, 3, 4, 6, 7

*Keysource Med., Inc. v. Holder*,
  No. 11-393, 2011 WL 3608097 (S.D. Ohio Aug. 16, 2011) ....................... 6

*Lujan v. Nat'l Wildlife Fed'n*,
  497 U.S. 871 (1990) ................................................................................... 3

*Morall v. DEA*,
  412 F.3d 165 (D.C. Cir. 2005) .................................................................. 11

*Neil Labs., Inc. v. Ashcroft*,
  217 F. Supp. 2d 80 (D.D.C. 2002) ............................................................. 5

*Norman Bridge Drug Co. v. Banner*,
  529 F.2d 822 (5th Cir. 1976) ................................................................. 4, 5

*Novelty Distribs., Inc. v. Leonhart*,
  562 F. Supp. 2d 20 (D.D.C. 2008) ............................................................. 5

\* *Sackett v. EPA*,
  132 S. Ct. 1367 (2012) ..................................................................... 7, 8, 10

*Tourus Records, Inc. v. DEA*,
  259 F.3d 731 (D.C. Cir. 2001) ...................................................................................11

*United Prescription Servs., Inc. v. Gonzalez*,
  No. 07-316, 2007 WL 1526654 (M.D. Fla. May 23, 2007) .......................................6

**STATUTES**

\* 5 U.S.C. § 704 ............................................................................................... 1, 3, 4, 5, 6, 7

21 U.S.C. § 824(a) ...........................................................................................................9

21 U.S.C. § 824(d) ...............................................................................................3, 4, 5, 7, 9

21 U.S.C. § 841 ................................................................................................................8

\* 21 U.S.C. § 877 ............................................................................................ 1, 2, 3, 4, 10, 12

28 U.S.C. § 1292(a)(1) ................................................................................... 1, 2, 10, 12

47 U.S.C. § 402(a) ............................................................................................................2

47 U.S.C. § 402(b)(6) .......................................................................................................2

\* Authorities upon which Petitioner-Appellant chiefly relies are marked with asterisks.

# GLOSSARY

| | |
|---|---|
| APA | Administrative Procedure Act |
| CSA | Controlled Substances Act |
| DEA | Drug Enforcement Administration |
| FIFRA | Federal Insecticide, Fungicide, and Rodenticide Act |
| ISO | Immediate Suspension Order |
| OTSC | Order To Show Cause |

## INTRODUCTION AND SUMMARY OF ARGUMENT

Holiday CVS, L.L.C., d/b/a/ CVS/pharmacy #219 and #5195 ("the pharmacies") brought their challenge to DEA's immediate suspension orders before this Court via two avenues: (1) an appeal pursuant to 28 U.S.C. § 1292(a)(1) from the District Court's denial of a preliminary injunction; and (2) a petition for review pursuant to 21 U.S.C. § 877. In challenging the ISOs in district court, the pharmacies relied on precedent holding that such challenges were properly brought in district court because the ISOs, although non-final, were made judicially reviewable by statute. Recognizing, however, that the precise jurisdictional question had never been resolved by this Court, the pharmacies also brought a petition for review in this Court pursuant to § 877. *Cf. John Doe, Inc. v. DEA*, 484 F.3d 561, 564 (D.C. Cir. 2007) ("Because the law governing such appeals is unsettled, Doe filed two actions — one in district court and one directly in this court." (citation omitted)). The Court consolidated the appeal and petition for review. *See* Order, No. 12-1128 (Aug. 8, 2012). Pursuant to this Court's August 31, 2012 Order, the pharmacies file this supplemental brief to address the question "whether this court has exclusive jurisdiction for review of DEA's issuance of the ISO under 21 U.S.C. § 877, or whether it is permissible for the district court to exercise review under 5 U.S.C. § 704."

The pharmacies acknowledge that there is conflicting precedent on this issue but submit that the ISOs should be deemed a final determination of the question of

1

"imminent danger" and that, therefore, jurisdiction to review their validity rests exclusively with this Court under § 877. As this Court reasoned in *Environmental Defense Fund, Inc. v. Ruckelshaus*, 439 F.2d 584 (D.C. Cir. 1971), a case involving a similar class of administrative suspension orders, the subsequent DEA administrative proceedings are "designed solely to resolve the ultimate question" of whether revocation of the pharmacies' DEA registrations is warranted and "not to shed any further light" on whether the pharmacies posed a sufficient "imminent danger" to the public health or safety such that immediate suspension was appropriate. *Id.* at 591–92.

In the alternative, if this Court were to determine that ISOs are interlocutory rather than final, then jurisdiction was proper in the district court and this Court has jurisdiction over the pharmacies' appeal under § 1292(a)(1). In sum, regardless of which statute affords the proper basis for jurisdiction, the Court has the undoubted authority to resolve the merits of the pharmacies' challenge by applying the APA standard of review *de novo* to the ISOs, as the pharmacies have argued and the government has not disputed. *See* Holiday Br. 22–25; Holiday Reply Br. 6–7; *cf. Busse Broad. Corp. v. FCC*, 87 F.3d 1456, 1460 (D.C. Cir. 1996) ("The competitors [challenging an FCC order] filed a notice of appeal under 47 U.S.C. § 402(b)(6) and, alternatively, a petition for review under 47 U.S.C. § 402(a). Because our analysis is the same under either, we need not decide which provision governs.").

2

# ARGUMENT

## A. The Jurisdictional Question Turns On Whether The ISOs Are "Final."

The APA authorizes federal district courts to review both "final agency action[s] for which there is no other adequate remedy in a court" and other "[a]gency action[s] made reviewable by statute." 5 U.S.C. § 704. In other words, a party may seek APA review even of non-final agency action in district court "pursuant to specific authorization in the substantive statute." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990).

The Controlled Substances Act provides for judicial review of ISOs, stating that an ISO may be "dissolved by a court of competent jurisdiction." 21 U.S.C. § 824(d). At the same time, the CSA vests the appropriate court of appeals with "exclusive jurisdiction" to review "'[a]ll final determinations, findings, and conclusions' of the DEA applying the CSA." *John Doe*, 484 F.3d at 568 (quoting 21 U.S.C. § 877).

The ISOs at issue in this case are both "action[s]" within the meaning of § 704 and "determinations" within the meaning of § 877. *See John Doe*, 484 F.3d at 568. Therefore, the jurisdictional question turns on whether the ISOs are "final." If they are final, then this Court has exclusive jurisdiction to review them under § 877. If they are not final, then they fall within the category of other agency actions "made reviewable by statute," and jurisdiction was proper in the district court under § 704.

3

### B. Courts That Have Addressed This Question Have Stated That ISOs Are Non-Final And May Be Challenged In District Court.

The few courts that have addressed this question have assumed — explicitly or implicitly, but always without discussion or explanation — that ISOs are not final. On that basis, these courts have all concluded that ISOs are reviewable in district court pursuant to § 704 and the provision of the CSA authorizing judicial review of ISOs.

In *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822 (5th Cir. 1976), the court stated that "[t]he plain language of" 21 U.S.C. § 824(d), which allows an ISO to be "dissolved by a court of competent jurisdiction," "means that one faced with the harsh expedient of suspension without prior notice may resort to the appropriate *district court* in search of appropriate relief." 529 F.2d at 823–24 (emphasis added). The court did not mention § 877, nor did it discuss whether an ISO is final, but its conclusion suggests that it assumed an ISO was not a final determination within the meaning of § 877.

A somewhat fuller analysis of this issue appears in *Neil Laboratories, Inc. v. Ashcroft*, 217 F. Supp. 2d 80 (D.D.C. 2002) (Urbina, J.). There, the court first stated, without explanation, that an ISO issued by DEA was "not final agency action." *Id.* at 84 n.6. Nonetheless, the court stated that it had authority to review the ISO under § 704 because "the plain language of the CSA signifies that a registrant subject to immediate suspension of registration may seek judicial review by a district court." *Id.* (citing 21 U.S.C. § 824(d) and *Norman Bridge*, 529 F.2d at 823–24).

4

The jurisdictional question received its most extensive treatment in *Novelty Distributors, Inc. v. Leonhart*, 562 F. Supp. 2d 20 (D.D.C. 2008) (Collyer, J.). As in *Neil Laboratories*, the court started with the unexamined premise — undisputed by the parties in that case — that an ISO issued by DEA is "not final." *Id.* at 26. Because the ISO was not final, "the court of appeals lack[ed] jurisdiction to consider" it under § 877. *Id.* at 27. The ISO was nonetheless reviewable in district court because the CSA provided that an ISO could be "dissolved by a court of competent jurisdiction" prior to the conclusion of administrative revocation proceedings. *Id.* (quoting 21 U.S.C. § 824(d)). Thus, the district court proclaimed that "[t]he courts in *Norman Bridge* … and *Neil Laboratories* … rightly concluded that it is indeed the district court that has jurisdiction" over challenges to ISOs. *Id.*

In addition to the cases cited above, several district courts have entertained challenges to ISOs without addressing jurisdiction. *See, e.g.*, *Easy Returns Worldwide, Inc. v. United States*, 266 F. Supp. 2d 1014 (E.D. Mo. 2003); *Keysource Med., Inc. v. Holder*, No. 11-393, 2011 WL 3608097 (S.D. Ohio Aug. 16, 2011); *Bates Drug Stores, Inc. v. Holder*, No. 11-167, 2011 WL 1750066 (E.D. Wash. May 6, 2011); *United Prescription Servs., Inc. v. Gonzalez*, No. 07-316, 2007 WL 1526654 (M.D. Fla. May 23, 2007). The pharmacies are not aware of any case where a court of appeals has considered whether it has jurisdiction to review an ISO pursuant to § 877.

5

This Court's decision in *John Doe* does not contradict the cases cited above. *John Doe* dealt with a different type of DEA order, the denial of a permit to import a generic version of an FDA-approved drug. The corporation in *John Doe* tried to challenge the permit denial in district court under the second prong of § 704, which authorizes district court review of "final agency action for which there is no other adequate remedy in a court." 484 F.3d at 568 (quoting 5 U.S.C. § 704). It therefore had to make the difficult argument that the permit denial was "final agency action" for purposes of § 704 but yet was not a "final determination[]" for purposes of § 877, an argument that this Court rejected. *See id.* at 568–70. By contrast, the cases that have found ISOs to be reviewable in district court have relied on the first prong of § 704, which applies to other "[a]gency action[s] made reviewable by statute" and does not include a finality requirement. These courts have held that ISOs are non-final and thus not subject to § 877, but that they are nonetheless reviewable under § 704 because they are "made reviewable by" 21 U.S.C. § 824(d). That analysis is consistent with this Court's reasoning in *John Doe*.

    **C.    An ISO May Be Deemed A Final Determination Of "Imminent Danger" And So Is Reviewable Exclusively Pursuant To § 877.**

*Norman Bridge*, *Neil Laboratories*, and *Novelty Distributors* demonstrate that if one assumes the issuance of an ISO to be a non-final action — an assumption that went unchallenged in each of those cases as well as in the pharmacies' case — then review is proper in district court pursuant to 5 U.S.C. § 704 and 21 U.S.C. § 824(d). On closer

6

examination, however, the assumption that ISOs are non-final appears unjustified, especially in light of Supreme Court precedent issued after the pharmacies' challenge in the district court.

The Supreme Court has recently made clear that agency action will be deemed final if (1) it "determine[s] rights or obligations" and has "legal consequences," and (2) it "marks the consummation of the agency's decisionmaking process." *Sackett v. EPA*, 132 S. Ct. 1367, 1371–72 (2012) (quoting *Bennett v. Spear*, 520 U.S. 154, 178 (1997)) (internal quotation marks omitted); *see also John Doe*, 484 F.3d at 566 (describing similar "two-part test" for evaluating the finality of agency action). In *Sackett*, the Supreme Court applied these two requirements to unanimously hold that a compliance order issued by the Environmental Protection Agency was final because (1) it imposed on the recipients the "legal obligation to 'restore' their property" and "expose[d] [them] to double penalties in a future enforcement proceeding," and (2) "the 'Findings and Conclusions' that the compliance order contained were not subject to further agency review." 132 S. Ct. at 1371–72. *Sackett* suggests that, contrary to the assumption made by the courts cited above, ISOs issued by DEA are final.

The ISOs undoubtedly satisfy the first requirement, as they suspend the pharmacies' legal right to dispense controlled substances and expose the pharmacies to the full panoply of civil and criminal penalties associated with unauthorized dispensing of controlled substances. *See, e.g.*, 21 U.S.C. § 841. The ISOs thus impose on the

7

pharmacies the "legal obligation" not to dispense controlled substances and subject them to adverse "legal consequences" for doing so. *Sackett*, 132 S. Ct. at 1371.

The more difficult question is whether the ISOs can be said to "mark[] the consummation of [DEA]'s decisionmaking process." *Id.* It appears that the courts that have considered this question have assumed that ISOs did not mark the consummation of the decisionmaking process because the issuance of an ISO accompanies the issuance of an Order to Show Cause, resulting in a hearing to determine whether the CSA registration of the person or entity to whom the ISO was issued should ultimately be revoked or suspended. These courts have apparently concluded that this makes an ISO interlocutory rather than final.

In reality, however, the post-ISO administrative revocation hearing does not afford the registrant an opportunity to contest, or DEA an opportunity to reconsider, the merits of the ISO or of the agency's underlying determination that the registrant posed an "imminent danger to the public health or safety" at the time the ISO was issued. 21 U.S.C. § 824(d). Rather, the revocation hearing concerns the separate and distinct legal question of whether the registrant's continued registration would be "inconsistent with the public interest." *Id.* § 824(a); *see* Holiday Br. 7. Once DEA issues an ISO, the agency will never revisit its "imminent danger" finding.

Thus, an ISO is akin to the immediate suspension orders under the Federal Insecticide, Fungicide, and Rodenticide Act that this Court discussed in *Ruckelshaus*.

8

In that case, the statutory scheme allowed the Secretary of Agriculture to suspend a pesticide's FIFRA registration without a hearing "to prevent imminent hazard to the public" pending the outcome of administrative proceedings to determine whether the registration should be cancelled. 439 F.2d at 588–89. The Court stated that "[i]n [its] view, a suspension order" under FIFRA "is subject to judicial review in a proper case." *Id.* at 592. The Court rejected the notion that the "prospect of further administrative action" rendered the suspension order non-final, stating:

> The subsequent proceedings are designed solely to resolve the ultimate question whether cancellation is warranted, and not to shed any further light on the question whether there is a sufficient threat of 'imminent hazard' to warrant suspension in the interim. Once the Secretary has made a decision with respect to suspension, whether he decides to grant or deny that relief, the 'imminence' of the hazard is no longer at issue.

*Id.* at 591. As in *Ruckelshaus*, the administrative proceedings that follow issuance of an ISO will shed no further light on the question of whether the pharmacies posed an "imminent danger" warranting immediate suspension at the time the ISOs were issued. Accordingly, under *Sackett*, an ISO is "not subject to further agency review," 132 S. Ct. at 1372, and should be deemed to be final.[1]

---

[1] DEA's decision to combine an ISO and OTSC into a single document, as it did in this case, cannot change this analysis. The OTSC is clearly required to provide notice and a hearing and an opportunity for full administrative review of the question of whether revocation is warranted, but the ISO's determination that the registrant poses an "imminent danger" warranting an interim suspension is final and not subject to any further review by the agency.

9

For these reasons, and contrary to the precedent on which the pharmacies relied in filing their action in district court, the pharmacies submit that the better view is that the ISOs under review are final and reviewable only in this Court pursuant to 21 U.S.C. § 877.

### D. The Court Need Not Decide The Jurisdictional Question In This Case.

As the Court has recognized, when a party has filed both an appeal and a petition for review and the Court's "analysis is the same under either" jurisdictional heading, the Court "need not decide which provision governs." *Busse*, 87 F.3d at 1460. *Busse* is applicable here because the Court can undertake the same legal analysis of the pharmacies' challenge to the ISOs under § 877 or § 1292(a)(1).

If the Court agrees with the pharmacies that the ISOs are final, then it has jurisdiction under § 877 to adjudicate the pharmacies' challenge to the ISOs by applying the APA standard of review to DEA's "imminent danger" findings. *See Morall v. DEA*, 412 F.3d 165, 177 (D.C. Cir. 2005) ("the APA provides the appropriate default standard" for "reviewing the agency's reasoning" under § 877 (quoting *Tourus Records, Inc. v. DEA*, 259 F.3d 731, 736 (D.C. Cir. 2001)).

Alternatively, if the Court agrees with those courts that have held ISOs to be non-final, then the District Court properly exercised jurisdiction over the pharmacies challenge, as the courts in *Norman Bridge*, *Neil Laboratories*, and *Novelty Distributors* all held, and this Court has appellate jurisdiction under § 1292(a)(1). If that is the case,

10

then as the pharmacies have argued — and the government has not disputed — this Court should not limit itself to reviewing the district court's denial of a preliminary injunction, but should instead reach and resolve the merits of the pharmacies' challenge to the ISOs. *See* Holiday Br. 22–25; Holiday Reply Br. 6–7. In resolving the merits of that challenge, the Court of course will review legal questions *de novo*, including the question whether DEA's "imminent danger" findings survive "the APA standard of review." *Campaign for Family Farms v. Glickman*, 200 F.3d 1180, 1187 (8th Cir. 2000); *see City of Las Vegas v. Lujan*, 891 F.2d 927, 931–32 (D.C. Cir. 1989); *see also* Gov't Br. 14 (acknowledging that this Court reviews *de novo* "[q]uestions of law related to the plaintiff's likelihood of success on the merits").

Thus, the "analysis is the same under either" § 877 or § 1292(a)(1), making it unnecessary for the Court to "decide which provision governs." *Busse*, 87 F.3d at 1460.

## CONCLUSION

The ISOs issued by DEA are final determinations reviewable only in this Court. In the alternative, if the ISOs are not final, then they were reviewable in the District Court pursuant to the Administrative Procedure Act and the Controlled Substances Act. In either case, this Court has jurisdiction to decide the merits of the pharmacies' challenge to the ISOs by a *de novo* application of the APA standard of review.

Respectfully submitted,

*/s/ Jeffrey S. Bucholtz*
Jeffrey S. Bucholtz
Paul A. Mezzina
KING & SPALDING LLP
1700 Pennsylvania Ave. NW
Washington, DC  20006
(202) 737-0500

Catherine M. O'Neil
Coleen P. Schoch
KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, GA  30309
(404) 572-4600

*Counsel for Petitioner-Appellant*

September 7, 2012

## CERTIFICATE OF SERVICE

In accordance with Federal Rule of Appellate Procedure 25, I certify that on September 7, 2012, I served the foregoing brief via CM/ECF or by U.S. mail, upon:

Samantha Lee Chaifetz, Attorney
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-2000

*Counsel for Defendants-Appellees*

Mark B. Stern, Attorney
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-2000

*Counsel for Defendants-Appellees*

DOJ Appellate Counsel
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave., NW
Washington, DC  20530
(202) 514-2000

*Counsel for Defendants-Appellees*

*/s/ Paul A. Mezzina*
Paul A. Mezzina
*Counsel for Petitioner-Appellant*